UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-201-RJC

| | |
|---|---|
| ZACHARY BUMGARDNER-LOCKAMY, et al., ) ) ) Plaintiffs, ) ) vs. ) ) SHAROD ROBINSON, et al., ) ) Defendants. ) ) | ORDER |

**THIS MATTER** is before the Court *sua sponte*.

Zachary Bumgardner-Lockamy, who is presently incarcerated at the Rutherford County Jail (RJC), filed the instant action on behalf of himself, Antonio Lockamy, and Michael Tapler pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Roanoke River Correctional Institution in Tillery, North Carolina. Plaintiff Bumgardner-Lockamy has applied to proceed *in forma* pauperis, and the Clerk has ordered his prisoner trust account statement from the RCJ. [Doc. 4]. Plaintiffs Lockamy and Tapler did not sign the Complaint, nor did they pay the filing fee or move to proceed *in forma pauperis*. The Clerk issued notices of deficiency to them to pay the filing fee or move to proceed *in forma pauperis* on April 10, 2023. [See Docs. 5, 6].

The Complaint names as Defendants Sharod Robinson, a correctional sergeant at the Roanoke River CI, and Joseph Cooper, an assistant unit manager at Roanoke River CI. Plaintiff Bumgardner-Lockamy asserts First Amendment claims "based on the right to read as well as a claim of denial of access to the courts" that allegedly occurred at the Roanoke River CI. [Doc. 1 at 4]. He seeks compensatory and punitive damages. [Id. at 6].

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C.A. § 1406(a).

The Complaint addresses incidents that allegedly occurred in Tillery, North Carolina, in the Eastern District of North Carolina, and all of the Defendants are alleged to be located there. To the extent that Plaintiff may be able to state a cognizable claim against any Defendant, venue would be proper in the Eastern District, where the incidents are alleged to have occurred and where the Defendants are located. The Court concludes that this case should be transferred to the Eastern District in the interest of justice.

**IT IS THEREFORE ORDERED** that the Clerk of this Court is hereby ordered to transfer this action to the Eastern District of North Carolina.

Signed: April 24, 2023

Robert J. Conrad, Jr.
United States District Judge